IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | : | CASE NO. 1:26-CR-00014 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE BENITA Y. PEARSON |
| vs. | : | |
| | : | |
| JEVION TOLLIVER MADDOX, | : | JE'VION TOLLIVER-MADDOX'S |
| | : | SENTENICNG MEMORANDUM |
| Defendant. | : | |
| | : | |

Defendant, Je'Vion Tolliver-Maddox, through counsel, submits this Sentencing

Memorandum for the Court's consideration at sentencing, scheduled for July 28, 2026. Mr.

Tolliver-Maddox requests this Court impose a sentence which would be "sufficient but not

greater than necessary" to achieve the statutory goals of sentencing, pursuant to 18 U.S.C. §§

3553(a) and 3661. Counsel attaches the following Memorandum to assist this Court in fashioning

Mr. Tolliver-Maddox's sentence.

MEMORANDUM

A.  Introduction

Mr. Tolliver-Maddox is before this Honorable Court for sentencing after pleading guilty

to counts 1, 4 and 5-9, which are Robbery of Mail, Money, or Other Property of the United

States, in violation of18 U.S.C. §§ 2114(a) and 2, Conspiracy to Commit Bank Fraud, in

violation of 18 U.S.C. §§ 1344(2) and 1349 and Bank Fraud in violation of 18 U.S.C. § 1344(2)

respectively, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

Mr. Tolliver-Maddox pleaded guilty on September 9, 2025.  He was initially released on bond

with pretrial supervision.  During that time Mr. Tolliver-Maddox was employed full time at Little

Tikes / Step 2 in Hudson, Ohio.  On February 12, 2026 the defendant's release was revoked, not because of any conduct committed by the Defendant but due to a motion filed by the government citing additional facts obtained by the government during the investigation.

B.  Application of 18 U.S.C. § 3553(a)'s Sentencing Factors

A sentencing court is to impose the lowest sentence achieving the four statutory purposes of sentencing: justice; deterrence; incapacitation; and rehabilitation. 18 U.S.C. § 3553(a)(2); Kimbrough v. United States, 552 U.S. 85, 101 (2007).   Mr. Tolliver-Maddox presents the following factors for the Court's consideration in determining his sentence.

1.  *Nature of the Offense*

Mr. Tolliver-Maddox was one of two individuals involved in taking an "Arrow" key from a United States Postal Employee and bank fraud in Cleveland, Ohio. On September 9, 2026, Mr. Teran Johnson forcibly took an "Arrow" key from a postal employee.  Mr. Tolliver-Maddox waited the "get-a-way" vehicle.  The postal employee was not physically harmed during the incident.  Additionally, several weeks later, and on various dates, Mr. Tolliver-Maddox fraudulently negotiated various checks which were deposited into his account. (R. 34, Plea Agreement, ¶¶ 5-11).

2.  *United States Sentencing Guidelines Calculations*

When establishing a sentence which is "sufficient, but not greater than necessary" to meet the goals of sentencing contained in 18 U.S.C. § 3553(a), the sentencing Court must consider, inter alia, the advisory Sentencing Guidelines.

a.  *Offense Level Calculations*

Mr. Tolliver-Maddox and the government agreed the correct computation of the applicable offense level would either be 24 or 25, depending on the application of USSG

2

§2B3.1(b)(2)(B). (R. 52, Presentence Investigation Report, ¶ 28). This calculation coincides with the calculation made by the Probation Officer. (R. 52, PSR ¶ 26-40).

### b. Criminal History Calculations

Mr. Tolliver-Maddox received three criminal history points from his only prior conviction. With three criminal history points, Mr. Tolliver-Maddox is in Criminal History Category II. (R. 52: PSR, ¶ 48).

### c. Personal History and Characteristics of Je'Vion Tolliver-Maddox

Mr. Tolliver-Maddox was born June 5, 2004. He is only twenty-two years old. He has one paternal sibling. His parents never married and his biological father was absent for most of his life.  Sporadically he has some communication with his father but the depth of the interaction is akin seeing an old neighbor and talking about superficial topics.  His mother though is the bedrock of his life.  He has a tremendous relationship with her (R. 52, PSR ¶ 54).  While his relationship with his biological father is lacking he has a wonderful relationship with his "step-father".  His step-father, Nolan Thompkins, thinks of Je'Vion as his biological son and would do anything for him (See Exhibit A, Letter of Nolan Thompkins).  Mr. Thompkins has seen the good in Je'Vion and knows what he is capable of achieving in life.

If Je'Vion was fake or just a bad apple his extended family would feel no obligation to support him.  However, they do.  Granny Fluker (Mr. Thompkins' mother), writes in her letter that she has seen the love in Je'Vion and she too does not consider Je'Vion a "step anything", but rather is and always will be "our grandson".  (See Exhibit "B", Letter of Barbara Fluker).  With love like that, and as expressed in her letter, there is no limit as to what Je'Vion can achieve.  He has family support most of this world would be envious of.

3

Mr. Tolliver-Maddox was raised by his mother, maternal grandmother and aunt. He witnessed gun violence against his cousin which greatly impacted his life. (R. 52: PSR, ¶ 61). He is father to a two (2) year old son and is very involved in his son's life (R. 52, PSR ¶55).

Jasmine Tolliver, Mr. Tolliver-Maddox's mother, stated Je'Vion is a "genuine and smart" young man. (R. 52: PSR, ¶ 57).   Mr. Tolliver-Maddox would benefit from mental health treatment, parenting classes and substance abuse treatment (R. 52; PSR ¶60-61).   Other friends of the family know Je'Vion and what he can truly be as a person.  Each of them has expressed in their letters the Je'Vion before this Honorable Court is not the Je'Vion they know.  They have seen a young man who is a loving father, who treats people with respect, is always willing to help others, has compassion for others and a strong work ethic.  (See Exhibit "C", "D" and "E").  Perhaps you could trick one person into believing you are someone you are not, but not this many people.  Je'Vion is committed to being the best version of himself he can be upon his release from prison and hope he can start that journey soon rather than later.

Mr. Tolliver-Maddox knows consequences must follow from what brings him before this Court. He accepts his responsibility and the consequences of his actions and knows he will be sentenced for his conduct. He only wishes he had a reset button and could turn back time. Je'Vion intends make productive use of his time while in prison by leaving prison with a marketable skill and/or trade to support himself and his young family.  A lengthy prison sentence is unnecessary when Je'Vion himself seeks to change himself.

3.  *The Defendant is Youthful and Immature and Committed these Offenses with an Utter Lack of Any Sophistication*

Je'Vion is twenty-two (22) years old.  He is barely old enough to buy a six pack of beer. It is well known individuals this young are immature and make poor choices as their brains are

4

not fully developed.  USSG §5H1.1 specifically identifies a possible departure due to a defendant's youthful age and immaturity.

Any doubt about the immaturity of Mr. Tolliver-Maddox can be clarified by simply reviewing the facts surrounding the bank fraud counts in this case (R. 52; PSR ¶8).  Specifically, Mr. Tolliver-Maddox obtained checks and fraudulently placed his own name on the check before he deposited the check into the bank. (R. 52, PSR ¶8).  When the victims of the checks were contacted all indicated they did not know Mr. Tolliver-Maddox.  Counsel struggles to understand what the Je'Vion was thinking placing his own name on the check and how he thought he would escape detection and being charged.  The only explanation is Mr. Tolliver-Maddox, due to his youthful age, did not understanding how the US banking system worked and was completely unsophisticated in his actions in committing this crime.

In addition to being youthful, Mr. Tolliver-Maddox was naïve and unsophisticated in his crime which may warrant a downward variance.  In a matter similar to the instant case, the Court varied downward six (6) months due to a defendant's unsophisticated bribery scheme.  In U.S. v. Jagmohan, 909 F.2d 61 (2d Cir. 1990) the defendant bribed a city official using a personal check drawn from his own personal bank account.  The Court found there was an "utter lack…of sophistication" typically utilized while trying to bribe an official.  This lack of sophistication warranted a six (6) month variance.

Counsel would submit a departure / variance due to Mr. Tolliver-Maddox's age and unsophisticated conduct is warranted in this case.

5

4.  *Need for Sentence Imposed to Reflect Seriousness of Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, Protect the Public from Further Crimes, and Provide Mr. Tolliver-Maddox with Needed Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.*

Based on his Guidelines calculations, Mr. Tolliver-Maddox appears before this Court for sentencing facing an offense level twenty-four (24) or twenty-five (25) and criminal history category II. He is twenty-two years old. He was employed prior to be detained.  Obtaining a skill or trade will greatly improve his financial prospects which in turn will have a positive impact on him and the likelihood of cultivating a law-abiding lifestyle.  Mr. Tolliver-Maddox needs substance use treatment and individual counseling to eliminate this self-imposed roadblock. Je'Vion understands self-medicating with marijuana to hide from his problems does not work. Placement at a Bureau of Prisons facility that can help address these needs will not only help Mr. Tolliver-Maddox, but it will also help society as it should address several criminogenic factors related to Mr. Tolliver-Maddox's history.   He is requesting a recommendation to participate in the 500-hour Residential Drug and Alcohol Program. (RDAP).

Mr. Tolliver-Maddox faces a Guidelines recommendation of 63-78 months incarceration based on the PSR's determination or 57-71 months based on counsel's calculation.  Regardless, he would respectfully request a sentence below 60 months.   Mr. Tolliver-Maddox's previous prison sentence was for eighteen (18) months so any sentence in excess of eighteen (18) months will be significant because of his youth.  The sentence would have a tremendous impact on his life and impress on Mr. Tolliver-Maddox hard work and an honest lifestyle has many rewards.

An advisory sentence below 63 months is appropriate in this case. The advisory Sentencing Guidelines indicate that most outcomes of these calculations point to a sentence "at or below the low-end of the sentencing range" (R. 52; PSR ¶99).  Therefore, Mr. Tolliver-Maddox respectfully requests this Court use this information to impose a sentence of 60 months

6

a sentence slightly below the advisory range.  This would be a sentence sufficient but not greater than necessary.

Conclusion

For the foregoing reasons, Mr. Tolliver-Maddox requests that this Court consider the information provided herein, and fashion a sentence which is sufficient, but not greater than necessary to meet the goals of sentencing.

/s/ Timothy J. Kucharski
RICHARDSON & KUCHARSKI CO. L.P.A.
Timothy J. Kucharski [0062226]
1200 West 3rd Street
First Floor, Suite #190
Cleveland, Ohio 44113
Ph. 216.623.6600 / 216.857.3001
Fax 216.574.9813
TimKuch@aol.com
Attorney for Je'Vion Tolliver-Maddox

7